# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**HERBERT G. ROLES, III  #L4829**                                    **PETITIONER**

**V.**                                              **Civil Action 1:09cv652-LG-RHW**

**JAQUELYN BANKS**                                                   **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THIS COURT are [1] the Petition of for Writ of Habeas Corpus filed by Herbert G. Roles pursuant to Title 28, United States Code, Section 2254 dated August 25, 2009, and filed by the Clerk on August 28, 2009, [14] Respondent's October 20, 2009 Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), and [15] Petitioner's November 5, 2009 response to the motion to dismiss. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2254 was untimely filed, and the petition should be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On February 21, 2003, Herbert G. Roles, III was convicted by a jury of statutory rape in the Circuit Court of Hancock County, Mississippi, and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. [1, p. 1], [14-2] Roles appealed, and on March 27, 2007, the Mississippi Court of Appeals affirmed the conviction and sentence. *Roles v. State*, 952 So.2d 1043 (Miss. App. 2007). Roles did not petition for rehearing, thereby stopping the appeal process and precluding further direct review by either the Mississippi Supreme Court or the United States Supreme Court by petition for writ of certiorari. Therefore, fourteen days

after the Court of Appeals affirmed his conviction on direct appeal, Roles' time for filing a petition for rehearing expired, and the one-year statute of limitations for federal habeas relief began to run. See, Rule 40(a), *Mississippi Rules of Appellate Procedure* (allowing 14 days to file a petition for rehearing in state court after affirmance on direct appeal); and *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'").

## LAW AND ANALYSIS

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As previously stated, the one-year statute of limitations for Roles to file his petition for federal habeas relief began running on April 11, 2007 (fourteen days after the Mississippi Court of

Appeals affirmed his conviction and sentence). In the absence of some tolling of the limitations period, Roles' deadline for filing a federal habeas petition was April 11, 2008. Since Roles did not file a "properly filed application for State post-conviction" relief before April 11, 2008,[1] no tolling applies, and Roles' time for filing a federal habeas petition expired on April 11, 2008. The present petition, which cannot be deemed filed any earlier than August 25, 2009 when Roles signed it, is time-barred and should be dismissed.

When, as here, a petition for relief under 28 U.S.C. § 2254 presents claims that are either contrary to law or plainly refuted by the record, no evidentiary hearing is necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

## **RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who

---

[1] Respondent's Exhibit C [14-3] is a pleading filed by Roles on June 30, 2008, seeking leave from the Mississippi Supreme Court to proceed in the trial court with a post-conviction motion. Roles' application to proceed *in forma pauperis* in that matter is dated May 7, 2008, [14-3, p. 20], however the transmittal letter accompanying the pleadings to the Supreme Court is dated June 26, 2008. [14-3, p. 22] It is immaterial which date is accepted as the date of filing, as neither is within the one-year limitations period.

objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intend to respond to the objection.  An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objects to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 14th day of December, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE